## ODOM v. THE STATE.

1. Though in the trial of a criminal case irrelevant evidence may have been admitted against the accused over objection by his counsel, this court will not entertain a ground of a motion for a new trial alleging error in permitting this evidence to be introduced, when the record fails to disclose what the objection to it was.
2. Under such circumstances, this court is bound to deal with this evidence just as if there had been no attack upon its admissibility; and this being so, the fact that the solicitor-general commented upon it in his argument to the jury affords no cause for a new trial
3. The verdict was fully warranted, and the newly discovered evidence is not such as to justify the granting of a new trial.

Argued October 11, — Decided November 15, 1897.

Indictment for murder. Before Judge Gamble. Emanuel superior court. April term, 1897.

*T. E. Watson, F. H. Saffold* and *G. M. Warren,* for plaintiff in error.

*B. T. Rawlings, solicitor-general,* by *T. W. Hardwick,* contra.

LUMPKIN, P. J. George W. Odom was indicted for the murder of his sister, Mrs. Hattie Tapley, who was the wife of Angus Tapley; and was convicted of voluntary manslaughter. It is quite clear that the accused had no intention of killing his sister, but that with a pistol he shot at and intended to kill one N. T. Foskey; and therefore the case turns upon the question whether or not Odom would have been guilty of voluntary manslaughter if he had really killed Foskey. At the trial the court allowed Foskey, "over the objection of defendant's counsel, to testify to threats made by [the accused] against Angus Tapley and his wife." The solicitor-general, in his argument

to the jury, commented on the testimony of Foskey in relation to these threats, and insisted that they furnished proof of a murderous intent on the part of the accused. The motion for a new trial is based on the general grounds that the verdict was contrary to law and the evidence, and also alleges error in admitting Foskey's testimony as to the threats above referred to. It further alleges that the accused should have a new trial because the solicitor-general, in his argument to the jury, commented upon the above-specified portion of Foskey's testimony. There is also a ground based on newly discovered evidence.

The record does not disclose what objection was made to the introduction of the evidence relating to the alleged threats. Indeed, the motion for a new trial does not even clearly state what the threats were. This court can not, therefore, in the face of its oft-repeated adjudications, entertain or pass upon the ground of the motion referring to this particular matter. On the contrary, we are bound to deal with this evidence as if there had been no attack whatever upon its introduction. We therefore do not decide whether it was relevant or not. Upon the assumption, however, that it was irrelevant, the result must be the same, because the question of its admissibility has not been properly presented for adjudication here. The trial judge was not asked to prevent the solicitor-general from commenting on Foskey's testimony concerning these threats; and even if a request to this effect had been made, it would have been proper to deny it, for the reason that the State's counsel manifestly had a right to comment upon evidence which the court had ruled to be admissible.

We have given the evidence in the record a careful examination, and find that it fully warranted the verdict rendered; and the newly discovered evidence was not such as would have probably produced a different result. So, on the whole, this court would not be justified in ordering a new trial.

*Judgment affirmed.    All the Justices concurring.*